IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






Nos. AP-75,110 and AP-75,111






Ex parte GREGORY EDWARD GUNTER, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM JEFFERSON COUNTY





 JOHNSON, J., delivered the unanimous opinion of the Court.


O P I N I O N



 Applicant, pro se, asserts that: 1) he is being improperly denied time credit on his convictions
for unauthorized use of a motor vehicle and felony criminal mischief for time that he spent in
custody pursuant to a parole revocation warrant; and 2) that he was given only five months jail-time
credit after being returned from parole, when he was entitled to six months credit plus "ISF
Incarceration credits." Applicant also contends that he is being denied "street-time" credit for time
spent on mandatory supervision. His claim alleges that he is entitled to such credit pursuant to Ex
parte Spann, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004), but the state is incorrectly treating him
as if he has a prior first- or second-degree-felony conviction for aggravated assault, when, in fact,
his previous conviction was for a third-degree aggravated assault. The trial court's findings of fact
and conclusions of law include a recommendation "that all relief sought by [applicant] be denied
without a hearing." The trial court did not conduct a hearing.

 An affidavit from an administrative assistant to the State Classification Committee for the
Texas Department of Criminal Justice-correctional institutions division (TDCJ-CID) is included in
the record. Attached to the affidavit is a letter from the affiant that details applicant's confinement
and release on his current sentences and the bases for the TDCJ's calculation of applicant's time
credits. The affidavit states that applicant was received by TDCJ on June 28, 1991, on two 12-year,
concurrent sentences from Jefferson County for unauthorized use of a motor vehicle and felony
criminal mischief, both with a sentence begin date of January 10, 1991. The affidavit, which was
sworn to and subscribed on December 8, 2004, concludes by stating that applicant "remains on
mandatory supervision status with a 6-21-05 maximum expiration date."

 TDCJ-CID has confirmed that applicant discharged his sentence on May 25, 2005. 
Therefore, applicant's writ application is dismissed as moot.

 

 Johnson, J.

En banc

Delivered: June 29, 2005

Do not publish